J-S29012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES JONES, | |
| Appellant | No. 1062 WDA 2015 |

Appeal from the PCRA Order Entered June 22, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000080-1998

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                         **FILED JUNE 1, 2016**

Appellant, Charles Jones, appeals *pro se* from the post-conviction court's June 22, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  The sole issue presented for our review is whether Appellant is entitled to relief to correct his ostensibly illegal sentence.  After careful review, we affirm.

Appellant was convicted of third-degree murder in 1999 for the killing of Kevin Austin on December 8, 1997.[1]  During Appellant's direct appeal, this Court briefly summarized the facts adduced at trial as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] This was Appellant's second jury trial for the same offense.  His first trial, held in 1998, resulted in a mistrial due to a hung jury.

The charges stemmed from a drug deal gone wrong. The victim, his cousin, Carlos Brewer, and Dee Stubbs, a friend of Brewer's, met with Appellant and another man to negotiate the purchase of marijuana. As Brewer, Stubbs and Appellant's companion stood waiting, Appellant and the victim disappeared around a corner. Seconds later, the group heard a gunshot, and the victim lay on the ground mortally wounded. Everyone ran. There were no eyewitnesses to the shooting, but all of the witnesses agreed on the sequence of events. Appellant's first[1] version of what occurred was that a man, described only as masked, came from an unspecified direction, fired once and disappeared. It should be noted that the criminalist who examined the victim's clothing opined that the shot which killed the victim had been fired from a distance of no more than 12 to 18 inches.

[1] Later, Appellant told police that after he had "done it," he ran away.

**Commonwealth v. Jones**, No. 1481 WDA 1999, unpublished memorandum at 1-2 (Pa. Super. filed July 14, 2000).

Appellant was sentenced on July 27, 1999, to 20-40 years' incarceration for third-degree murder, 18 Pa.C.S. § 2502(c). He filed a post-sentence motion seeking modification of his sentence, which was denied on August 9, 1999. This Court affirmed his judgment of sentence on July 14, 2000, and our Supreme Court denied his allocatur petition on November 16, 2000. **See Commonwealth v. Jones**, 761 A.2d 1235 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 788 A.2d 374 (Pa. 2000).

Appellant filed a *pro se* PCRA petition, his first, on February 13, 2001. Counsel was appointed but ultimately filed a **Turner**/**Finley**[2] "no merit" letter, and a petition to withdraw, on August 13, 2001. The PCRA court granted counsel's motion to withdraw and dismissed the petition on September 28, 2001. Appellant filed a timely, *pro se* appeal from that decision, but this Court affirmed the PCRA court's order on August 12, 2002, and our Supreme Court denied Appellant's petition for allowance of appeal on December 18, 2002. **See Commonwealth v. Jones**, 809 A.2d 958 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 813 A.2d 838 (Pa. 2002).

Appellant filed a second *pro se* PCRA petition, the subject of the instant appeal, on November 5, 2014. Counsel was appointed, but filed a **Turner**/**Finley** "no merit" letter on June 1, 2015. That same day, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907, on the basis that the petition was untimely filed and no exception applied. The PCRA court subsequently issued an order dismissing the petition, and permitting counsel to withdraw, on June 22, 2015. Appellant filed a timely, *pro se* appeal, and now presents the following question for our review:

---

[2]    **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

1. Is the petitioner's sentence illegal, as the sentencing court did not have statutory authority to impose the current sentence?

Appellant's Brief, at 7 (unnecessary capitalization omitted).

Our standard and scope of review regarding the denial of a PCRA petition is well settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

In order to be considered timely,

[a] PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

The three statutory exceptions for an untimely petition under the PCRA consist of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's sentence became final in February of 2001, 90 days after our Supreme Court denied allocatur in Appellant's direct appeal.[3] The instant PCRA petition was filed on November 5, 2014, well beyond one year after Appellant's judgment of sentence became final; thus, the petition is untimely on its face. Accordingly, the trial court could not address the merits of Appellant's petition unless a timeliness exception applies. Appellant makes no explicit attempt to avail himself of a particular timeliness exception.

Appellant does argue that he attempted to raise PCRA illegal sentencing concerns in his first PCRA petition, but that his counsel at the

---

[3] The time for seeking a petition for writ of *certiorari* with the United States Supreme Court is 90 days.

time waived those claims on appeal. Appellant's Brief, at 8. This could be considered an attempt to excuse the untimeliness of his petition by pointing to the failures of prior counsel to preserve his claim(s). However, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). Thus, prior counsel's failure to properly preserve Appellant's illegal sentencing claim(s) is of no moment; formulating his claim in terms of ineffectiveness does not allow Appellant to escape his burden to demonstrate an applicable exception.

Appellant also argues that he is entitled to relief under *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt). Or, at least, Appellant attempts to portray his sentence as violative of *Alleyne* and/or its predecessor, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt, except the fact of a prior conviction).[4] However, it is also well established that *Alleyne* cannot satisfy an exception to the PCRA's jurisdictional time-bar:

_____

[4] In fact, however, Appellant's illegal sentencing claims do not at all appear to relate to *Alleyne* and/or *Apprendi*. Appellant does not even allege that
*(Footnote Continued Next Page)*

Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [the a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), citing *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also, e.g.*, *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). …

We are aware that an issue pertaining to *Alleyne* goes to the legality of the sentence. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (stating, "a challenge to a sentence premised upon *Alleyne* likewise implicates the legality of the sentence and cannot be waived on appeal[ ]"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." *Commonwealth v. Orellana*, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. *See Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]") (citation omitted). As this Court recently

*(Footnote Continued)* ————————————

he was subject to a mandatory minimum sentence, or that he was sentenced beyond the statutory maximum based on facts proven without a jury and by a standard less than beyond a reasonable doubt. Nevertheless, we do not reach this level of merit analysis since Appellant does not meet an applicable timeliness exception.

noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [*Commonwealth v.*] *Seskey*, [86 A.3d 237,] 242 [(Pa. Super. 2014)].

*Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014) (footnote omitted).

Accordingly, for the aforementioned reasons, we conclude that Appellant has not proven the applicability of any exception to the PCRA's timeliness requirement. Thus, the PCRA court lacked jurisdiction to consider the merits of his illegal sentencing claim(s). Consequently, the PCRA court did not err when it denied Appellant's petition.

Order *affirmed*.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2016

- 8 -